**LAW OFFICE OF MARTIN T. McDONOUGH, M.D., J.D.**
ATTORNEYS AT LAW
13 West Avenue, P.O. Box 303
Woodstown, New Jersey 08098
856-769-2470; Fax 856-769-9290
Attorney for Defendant: Martin T. McDonough, M.D., J.D.
Attorney ID Number: MM4102

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BETH BECHARD, as Administrator Ad Prosequendum of the Estate of DONALD A. BECHARD, deceased<br><br>(Plaintiff)<br><br>v.<br><br>UNITED STATES OF AMERICA; SOUTHERN JERSEY FAMILY MEDICAL CENTERS, INC.; DOLORES TURSE, APN-C; JOHN DOES #1-15 (fictitious); JANE ROES #1-15 (fictitious); and JOHN DOE EMPLOYERS (fictitious),<br><br>(Defendants) | CIVIL ACTION<br><br>CASE NO.:<br><br><br><br>**COMPLAINT FOR MEDICAL MALPRACTICE AND WRONGFUL DEATH WITH JURY DEMAND** |

Plaintiff, Beth Bechard, administrator *ad prosequendum* of the Estate of Donald A. Bechard, deceased, residing at 22 Hemple Road, City of Salem, in the County of Salem and in the State of New Jersey, by way of Complaint against the Defendant, the United State of America, states:

### JURISDICTION

1. At all times relevant hereto, plaintiff Beth Bechard and decedent Donald A. Bechard maintained a residence at 22 Hemple Road, City of Salem, in the County of Salem and State of New Jersey.

1

2. By passage of the Federal Tort Claims Act, 28 U.S.C. §1346(b) and 28 U.S.C. §§2671-2680, the Defendant, the United States of America, has consented to be sued in actions sounding in tort and §1346(b) of said Act specifically grants the Federal District Courts exclusive jurisdiction over torts allegedly committed by the Defendant, its agencies, agents, servants and/or employees.

3. At all times material to this Complaint, Southern Jersey Family Medical Centers, Inc. was a professional association with an office located at 228 East Broadway, City of Salem, in the County of Salem and State of New Jersey. Southern Jersey Family Medical Centers, Inc. is a federally-supported health facility and deemed community center under the Federal Tort Claims Act. The United States of America is substituted as the defendant for the actions and/or inactions of Southern Jersey Family Medical Centers, Inc. and/or the actions and/or inactions of any of Southern Jersey Family Medical Centers, Inc.'s employees.

4. At all times material to this Complaint, Dolores Turse, APN-C, was a nurse practitioner licensed to practice nursing in the State of New Jersey, and employed by Southern Jersey Family Medical Centers, Inc. at 228 East Broadway, City of Salem, in the County of Salem and State of New Jersey. Under the FTCA, Nurse Turse is an employee of the United States of America. The United States of America is substituted as the defendant for the actions and/or inactions of Nurse Turse.

5. Jurisdiction is properly vested in the United States District Court for the District of New Jersey pursuant to the Federal Tort Claims Act, 28 U.S.C. Sections 1346(b), 2671-2680, as the exclusive remedy for injuries and death caused by employees of a deemed community health center. Southern Jersey Family Medical Centers, Inc. was deemed eligible for FTCA and was eligible for FTCA coverage at the time of this incident. Jurisdiction is further vested because

Nurse Turse was an employee of Southern Jersey Family Medical Centers, Inc. and therefore covered under the FTCA at the time of the care and treatment at issue.

6. The amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

## VENUE

1. All paragraphs of the preceding Jurisdiction section are repeated as if set forth at length herein.

2. Venue is properly laid because the acts and omissions herein complained of occurred in this judicial district.

## PROCEDURAL HISTORY

1. On or about January 19, 2010, plaintiff's counsel submitted a Standard Form 95 Administrative Claim for a sum certain, pursuant to the terms of the Federal Tort Claims Act, for a wrongful death cause of action pursuant to the laws of the State of New Jersey for the benefit of plaintiff Beth Bechard and decedent Donald A. Bechard's minor children survivors.

2. On or about July 21, 2010, defendant denied plaintiff's administrative claim under the Federal Tort Claims Act.

3. This action is commenced within six (6) months of the denial of plaintiff's administrative claim under the Federal Tort Claims Act.

## FIRST COUNT

1. Plaintiff Beth Bechard is the widow and administrator *ad prosequendum* of the estate of Donald A. Bechard, deceased, and has no adverse interest whatsoever to the within action.

2. At all times relevant hereto, the defendant, through its employees/servants/agents, specifically including Dolores Turse, APN-C and Southern Jersey Family Medical Centers, Inc., rendered medical and/or nursing care to plaintiff's decedent, Donald A. Bechard on or about October 16, 2008, and on other dates prior thereto.

3. At all times relevant hereto, the defendant, through its employees/servants/agents, specifically including Dolores Turse, APN-C and Southern Jersey Family Medical Centers, Inc., held itself out to the public and the plaintiff's decedent in particular as skilled in the profession of medicine and nursing.

4. At all times relevant hereto, the defendant, through its employees/servants/agents, specifically including Dolores Turse, APN-C and Southern Jersey Family Medical Centers, Inc., had a duty to exercise reasonable care and either actually or impliedly represented to the plaintiff's decedent Donald A. Bechard that it would exercise that degree of care, skill, diligence, and proficiency which would conform to reasonable standards and accepted practices of the healthcare-related professions of its employees/servants/agents.

5. At all times relevant hereto, Dolores Turse, APN-C was a nurse practitioner licensed to practice nursing in the State of New Jersey, and was employed by Southern Jersey Family Medical Centers, Inc. with an office located at 228 East Broadway, City of Salem, County of Salem and State of New Jersey, who undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent, Donald A. Bechard. The United State of America

is responsible for the actions and/or inactions of its representative and employee and agent, Nurse Turse.

6. At all times relevant hereto, Southern Jersey Family Medical Centers, Inc. was a professional association existing under and/or in accordance with the laws of the State of New Jersey which was the employer and/or principal of Nurse Turse and/or for whom Nurse Turse was acting as the agent, servant, and/or employee. The United States of America is responsible for the actions and/or inactions of Southern Jersey Family Medical Centers, Inc.

7. At all times material to this Complaint, defendants John Does #1-15 (fictitious names) were health care professionals and/or other health care providers, however many in number, who undertook and/or assisted and/or otherwise participated in the diagnosis and/or treatment and/or care of plaintiff's decedent, Donald A. Bechard.

8. At all times material to this Complaint, defendants Jane Roes #1-15 (fictitious names) were health care professionals and/or other health care providers, however many in number, who undertook and/or assisted and/or otherwise participated in the diagnosis and/or treatment and/or care of plaintiff's decedent, Donald A. Bechard.

9. At all times material to this Complaint defendants John Does Employers #1-15 (fictitious names) were corporations, partnerships, and/or sole partnerships, however many in number, who were the employers of the individual defendants herein and/or for whom the individual defendants were acting as the agents, servants, and/or employees.

10. On or about October 16, 2008, the aforementioned defendants failed to properly care for and treat the plaintiff's decedent, Donald A. Bechard, and did negligently, carelessly, recklessly, and unskillfully care for and treat said plaintiff's decedent, in that they failed to follow accepted procedures and deviated from the accepted standards of the respective professions of its

employees/servants/agents; failed to properly diagnose the true condition of the plaintiff's decedent in a timely and proper manner; failed to properly treat said plaintiff's decedent's true condition in a timely and proper manner; failed to conduct the necessary and indicated examinations and/or re-examinations, tests, and/or procedures; failed to refer the plaintiff's decedent to appropriate specialists for consultation and treatment; failed to inform plaintiff's decedent of the seriousness of his true condition; and were otherwise negligent in its care and treatment of the plaintiff's cardiac condition.

11. On October 18, 2008, plaintiff's decedent, Donald A. Bechard, died as a result of the aforementioned negligent medical care and/or treatment provided by the aforementioned defendants, which care and/or treatment failed to comply with the applicable standard of care.

WHEREFORE, plaintiff demands judgment against defendants The United States of America; John Does #1-15 (fictitious names); Jane Roes #1-15 (fictitious names); and John Doe Employers #1-15 (fictitious names); individually, jointly, severally, and/or in the alternative, for wrongful death damages under *N.J.S.A.* 2A:31-1, *et. seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act, together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

### SECOND COUNT

1. Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if set forth fully herein.

2. On October 16, 2008, and on other dates prior thereto, Dolores Turse, APN-C undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Donald A. Bechard.

3. At the time and place aforesaid and at all times material hereto, Dolores Turse, APN-C was negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent Donald A. Bechard.

4. As a direct and proximate result of the negligence of Dolores Turse, APN-C as hereinbefore set forth, plaintiff's decedent Donald A. Bechard was caused to die on October 18, 2008. The United States of America is substituted as the defendant for the actions and/or inactions of Nurse Turse.

WHEREFORE, plaintiff demands judgment against defendants The United States of America for wrongful death damages under *N.J.S.A.* 2A:31-1, *et. seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act, together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

### THIRD COUNT

1. Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

2. At the time and place aforesaid and at all times material hereto, Nurse Turse and/or John Does #1-15 and/or Jane Roes #1-15 and/or John Doe Employers #1-15 and/or each of them were acting as the agents, servants, and/or employees of Southern Jersey Family Medical Centers, Inc.

3. Southern Jersey Family Medical Centers, Inc. is liable for the acts and/or omissions of its agents, servants, and/or employees under the doctrine of *respondeat superior* and/or was itself otherwise negligent. The United State of America is substituted as the defendant for the actions and/or inactions of Southern Jersey Family Medical Centers, Inc.

WHEREFORE, plaintiff demands judgment against defendants The United States of America for wrongful death damages under *N.J.S.A.* 2A:31-1, *et. seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act, together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

## **FOURTH COUNT**

1. Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

2. At the time and place aforesaid and at all times material hereto, defendants John Does #1-15 and/or each of them undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Donald A. Bechard.

3. At the time and place aforesaid and at all times material hereto, defendants John Does #1-15 and/or each of them were negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent Donald A. Bechard.

4. As a direct and proximate result of the negligence of defendants John Does #1-15 and/or each of them as hereinbefore set forth, plaintiff's decedent was caused to die on October 18, 2008.

WHEREFORE, plaintiff demands judgment against defendants John Does #1-15 individually, jointly, severally, and/or in the alternative for wrongful death damages under *N.J.S.A.* 2A:31-1, *et. seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act, together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

### FIFTH COUNT

1. Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

2. At the time and place aforesaid and at all times material hereto, defendants Jane Roes #1-15 and/or each of them undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Donald A. Bechard.

3. At the time and place aforesaid and at all times material hereto, defendants Jane Roes #1-15 and/or each of them were negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent Donald A. Bechard.

4. As a direct and proximate result of the negligence of defendants Jane Roes #1-15 and/or each of them as hereinbefore set forth, plaintiff's decedent was caused to die on October 18, 2008.

WHEREFORE, plaintiff demands judgment against defendants Jane Roes #1-15, individually, jointly, severally, and/or in the alternative, for wrongful death damages under

*N.J.S.A.* 2A:31-1, *et. seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act, together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

### SIXTH COUNT

1. Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

2. At the time and place aforesaid and at all times material hereto, Nurse Turse and/or John Does #1-15 and/or Jane Roes #1-15 and/or each of them were acting as the agents, servants, and/or employees of defendant John Doe Employers #1-15 and/or each of them.

3. Defendants John Doe Employers #1-15 are liable for the acts and/or omissions of their agents, servants, and/or employees under the doctrine of *respondeat superior* and/or were themselves otherwise negligent.

WHEREFORE, plaintiff demands judgment against defendants John Doe Employers #1-15, individually, jointly, severally, and/or in the alternative for wrongful death damages under *N.J.S.A.* 2A:31-1, *et. seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act, together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

### SEVENTH COUNT

1. Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

2. Plaintiff Beth Bechard was the wife of decedent Donald A. Bechard.

3. At the relevant time and place, plaintiff Beth Bechard learned that the defendant(s) were negligent in their care and treatment of Donald A. Bechard, deceased.

4. As a direct and proximate cause of the negligence of defendant(s) aforesaid, plaintiff Beth Bechard has suffered and continues to suffer severe emotional distress and damages permitted under law.

WHEREFORE, plaintiff demands judgment against defendants The United States of America; John Does #1-15 (fictitious names); Jane Roes #1-15 (fictitious names); and John Doe Employers #1-15 (fictitious names); individually, jointly, severally, and/or in the alternative, for emotional pain and suffering as permitted under the law, and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

### EIGHTH COUNT (Per Quod)

1. Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

2. At the time of decedent's death, decedent Donald A. Bechard was married to plaintiff Beth Bechard and was the father of three minor children, named Seth, Genevieve, and Donald, Jr. and two adult children, named Raymond and Marc.

3. As a direct and proximate result of the negligence of defendants as set forth hereinbefore, decedent Donald A. Bechard died on October 18, 2008, and as a result, his surviving spouse, plaintiff Beth Bechard, and children identified in paragraph 2 of this section, sustained economic

loss, including the loss of companionship, guidance, counseling and advice of defendant Donald A. Bechard, as a result of his wrongful death.

WHEREFORE, plaintiff demands judgment against defendants The United States of America; John Does #1-15 (fictitious names); Jane Roes #1-15 (fictitious names); and John Doe Employers #1-15 (fictitious names); individually, jointly, severally, and/or in the alternative, for such sums as would reasonably and properly compensate plaintiff Beth Bechard and decedent's children as identified in paragraph 2 of this section in accordance with the laws of the State of New Jersey, the Federal Torts Claims Act, and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues triable thereto in the above-styled action.

Respectfully submitted this 4th day of January, 2011.

By: /s/ Martin T. McDonough, M.D., J.D.
Martin T. McDonough, M.D., J.D.
13 West Avenue, Suite A
P.O. Box 303
Woodstown, NJ 08098
Phone: 856-769-2470
Facsimile: 856-769-9290
Attorney ID: MM4102

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Martin T. McDonough, M.D., J.D., attorney for the plaintiff in this action, hereby certifies that there are no other actions or arbitrations pending or contemplated involving the subject matter of this controversy at this time, and that there are no additional known parties who should be joined to the present action at this time.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted this 4th day of January, 2011.

By: /s/ Martin T. McDonough, M.D., J.D.
Martin T. McDonough, M.D., J.D.
13 West Avenue, Suite A
P.O. Box 303
Woodstown, NJ 08098
Phone: 856-769-2470
Facsimile: 856-769-9290
Attorney ID: MM4102